## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETRO KHORI,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **JULIE L. MEYERS,** | | |
| **Assistant Secretary for U.S. Dep't of** | | |
| **Homeland Security,** | | |
| Respondent | | NO. 08-0756 |

**FILED**

MAR - 5 2008

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

PRATTER, J.                                                             MARCH 4, 2008

Petitioner Betro Khori is an illegal alien subject to a final order of removal from the

United States. Since December 28, 2007, he has been detained in custody under the authority of

United States Immigration & Customs Enforcement ("ICE"). Mr. Khori timely filed a Petition

for Review in the Third Circuit Court of Appeals challenging his removal, and that court granted

a stay of removal on December 31, 2007. His Petition for Review remains pending before the

Court of Appeals. Mr. Khori has now filed a Petition for a Writ of Habeas Corpus in this Court

challenging his continued detention pending judicial review of the removal order. The only issue

before this Court presented in the Petition for a Writ of Habeas Corpus is the legality of Mr.

Khori's ongoing detention while judicial review of the removal order is pending. For the reasons

discussed below, the Court must deny Mr. Khori's Petition.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Mr. Khori is a Christian from Syria who has lived in the United States for several years.

He apparently left Syria because he is unwilling to serve in the Syrian military. He states that he

believes that he will be subject to torture if he returns to Syria. In his Petition for Review, Mr.

Khori seeks relief from removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M. 1027; see also 8 CFR § 208.17 (2002).

Mr. Khori entered the United States in February 2001 when he was interdicted at sea within the territorial waters of the United States off the coast of Puerto Rico. He immediately was arrested and removal proceedings commenced. A few months after his arrival, ICE released Mr. Khori on probation. Mr. Khori has lived continuously in the United States since that time. He has not been charged with any crime other than the crime of entering the United States without inspection, and he is not accused of any act of terrorism.

Mr. Khori timely appealed the final removal order to the Board of Immigration Appeal ("BIA") and to the Court of Appeals for the Third Circuit. According to Mr. Khori's Petition, his case is no longer pending before the Executive Office for Immigration Review or the BIA.

**JURISDICTION**

Traditional habeas corpus relief is available for a non-citizen challenging the legality of his or her detention. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Chmakov v. Blackman, 266 F.3d 210, 214 (3d Cir. 2001); see also Bonhometre v. Gonzales, 414 F.3d 442, 446 n.4 (3d Cir. 2005) ("An alien challenging the legality of his *detention* still may petition for habeas corpus.") (citing H.R. Conf. Rep. No. 109-72, at 175 (2005)) (emphasis in original). In addition, it appears that Mr. Khori has exhausted all available administrative remedies.[1] Thus, the Court

---

[1] The Third Circuit Court of Appeals has explained:

> While upholding the exhaustion requirement may seem strict in an individual case, exhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.

has jurisdiction to review the legality of Mr. Khori's detention.

## LEGAL STANDARD

Congress has given the Attorney General broad discretion to determine whether, and on what terms, an alien arrested on suspicion of being deportable should be released pending a final determination of deportability.[2] Reno v. Flores, 507 U.S. 292, 294-295 (1993). Once a final determination is made, the Attorney General shall remove an alien within a "removal period" of 90 days. 8 U.S.C. § 1231(a). The removal period begins on the latest of (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B). Notwithstanding the statutory 90-day limit, the Supreme Court has held that detention for up to six months following the final removal determination is presumptively reasonable. Zadvydas, 533 U.S. at 701. After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the

---

> . . . The rules are clear: before proceeding to federal court, an alien
> must exhaust his or her administrative remedies.

Asemani v. Attorney General, 140 F. App'x 368, 373-374 (3d Cir. 2005) (quoting Kurfees v. INS, 275 F.3d 332, 336 (4th Cir. 2001)).

[2] Title 8 U.S.C. § 1252(a)(1), 66 Stat. 208, as amended, provides:

> [A]ny such alien taken into custody may, in the discretion of the
> Attorney General and pending such final determination of
> deportability, (A) be continued in custody; or (B) be released under
> bond . . . containing such conditions as the Attorney General may
> prescribe; or (C) be released on conditional parole. But such bond or
> parole . . . may be revoked at any time by the Attorney General, in his
> discretion . . . .

reasonably foreseeable future." Id.

However, noting the absence of "any clear indication of congressional intent to grant the Attorney General the power to hold indefinitely in confinement an alien ordered removed," Zadvydas, 533 U.S. at 697, the Supreme Court has concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699 (citing 1 E. Coke, Institutes 70b (*"Cessante ratione legis cessat ipse lex"*) (the rationale of a legal rule no longer being applicable, that rule itself no longer applies)).

Whether a detention is, or is not, pursuant to statutory authority depends upon "[w]hether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." Id. The basic federal habeas statute authorizes federal courts to answer that question. Id. (citing 28 U.S.C. § 2241(c)(3) (granting courts authority to determine whether detention is "in violation of the ... laws ... of the United States")). As the Supreme Court explained, "[i]n doing so the courts carry out what this Court has described as the 'historic purpose of the writ,' namely, 'to relieve detention by executive authorities without judicial trial.'" Id. (quoting Brown v. Allen, 344 U.S. 443, 533 (1953) (Jackson, J., concurring in result)).

To determine whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal," the Court

> must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be

4

returned to custody upon a violation of those conditions.

Id. at 699-700 (citations omitted).

## DISCUSSION

The Supreme Court and our Court of Appeals have applied identical frameworks to review the detention of both criminal and non-criminal aliens.  See Zadvydas, 533 U.S. at 697 ("[T]he statute before us applies not only to terrorists and criminals, but also to ordinary visa violators . . . .").  Both of these courts have also distinguished a "post-removal-period" detention from a detention pending a determination of removability because "post-removal-period detention, unlike detention pending a determination of removability or during the subsequent 90-day removal period, has no obvious termination point."  Id.

The Third Circuit Court of Appeals, applying Zadvydas and its progeny, unequivocally has held that challenges to INS detentions prior to the commencement of the statutory removal period are premature and must be dismissed on that ground.

For example, in Taylor v. Attorney General of U.S., 241 F. App'x 6 (3d Cir. 2007), the petitioner was subject to a final order of removal and detained pursuant to 8 U.S.C. § 1231(a).  However, at the time of judicial review of the petitioner's detention, the removal period had not yet begun because the removal order itself was still in the process of being judicially reviewed and a stay of removal was in place.  8 U.S.C. § 1231(a)(1)(B)(2) ("[I]f the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order . . . .").  Consequently, the Court of Appeals concluded that, under such circumstances, "any challenge to [the petitioner's] post-removal order detention is premature."  Id. at 9-10.  While recognizing that the Taylor petitioner's detention had been "prolonged," the court noted

5

that "the length of his detention is attributable to the stay of removal during judicial review." Id.

Likewise, in Vasquez v. Immigration and Customs Enforcement, 160 F. App'x 199 (3d Cir. 2005), at the time of judicial review of his detention, the petitioner's removal period had not begun and, therefore, his habeas corpus challenge to his detention was premature. In Vasquez, as in Taylor and Mr. Khori's case here, the petitioner's removal period had not commenced because judicial review of the removal order was pending and the stay of removal remained in effect. Id. at 201.

Pursuant to 8 U.S.C. § 1231(a)(1)(B)(2), Mr. Khori's 90-day removal period will not begin until the Court of Appeals decides his Petition for Review and lifts the stay. Judicial review of the removal order is currently pending, and the stay of removal remains in effect. Thus, as in Taylor and Vasquez, Mr. Khori's habeas corpus challenge to his detention is premature because his removal period has not yet begun.

As previously noted, Congress has given the Attorney General broad discretion to determine whether an alien arrested on suspicion of being deportable should be released pending the final deportation determination. Reno, 507 U.S. at 294-295. This "broad discretion" is reinforced but structurally curtailed by the statutory "removal period" and courts' unwillingness to review lengthy detentions prior to start of that period. In sum, as a general matter, at this time the Court cannot find Mr. Khori's detention to be unreasonable until the removal period has begun and Mr. Khori has demonstrated that his removal does not appear to be reasonably foreseeable. Put differently, the interim period of detention pending judicial review of the final removal order will not be found unreasonable absent specified circumstances demonstrating that a final decision and/or removal do not appear to be reasonably foreseeable. As the Supreme

Court has reasoned, the period *prior* to a final determination is presumptively finite, whereas the period following a final removal determination is potentially infinite. The constitutional concern only arises "once removal is no longer reasonably foreseeable," because at that time, "continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 697, 699. Prior to a final determination of deportability, an end to Mr. Khori's confinement ·· either by removal or by a grant of relief from removal -- remains "reasonably foreseeable."

The Court emphasizes that Mr. Khori "can of course file a new habeas petition if for some reason his removal does not appear to be reasonably foreseeable." Taylor, 241 F. App'x at 10 n.5; Barenboy v. Attorney General of U.S., 160 F. App'x 258, 261 (3d Cir. 2005) ("If [petitioner] believes he is unlikely to be removed in the near future, he may request the Department of Homeland Security to review his situation . . . . Further, [petitioner] may file a habeas petition in the future if he can show that his removal is not reasonably foreseeable.") (citing 8 C.F.R. § 241.13). See also Zadvydas, 533 U.S. at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

**CONCLUSION**

Because the order for Mr. Khori's removal is currently in the process of being judicially reviewed by the Court of Appeals and, consequently, his "removal period" has not yet begun, Mr. Khori's challenge by way of his Petition for a Writ of Habeas Corpus to his detention is premature. Therefore, Mr. Khori's Petition will be denied without prejudice. An Order consistent with this Memorandum follows.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BETRO KHORI,                          :          CIVIL ACTION
      Petitioner,                    :
                           :
     v.                            :
                           :
JULIE L. MEYERS,                      :
Assistant Secretary for U.S. Dep't of :
Homeland Security,                    :
      Respondent                     :          NO. 08-0756

### ORDER

AND NOW, this 4th day of March, 2008, upon consideration of the Petition for a Writ of Habeas Corpus of Petitioner Betro Khori (Docket No. 1), it is hereby ORDERED that the Petition is DENIED WITHOUT PREJUDICE and the Petition is DISMISSED.

IT IS FURTHER ORDERED that there is no basis for the issuance of a certificate of appealability.[1]

BY THE COURT:

GENE E.K. PRATTER
United States District Judge

---

[1] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). The Court concludes, for the reasons discussed in the accompanying Memorandum, that there is no probable cause to issue a certificate of appealability in this case.